IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Alberta Javosky, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  10 C 8144 |
| LVNV Funding, LLC, a Delaware limited liability company, Nelson, Watson & Associates, LLC, a Massachusetts limited liability company, and Resurgent Capital Services, L.P., a Delaware limited partnership | ) ) ) ) ) ) ) | |
| Defendants. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Alberta Javosky, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.    Venue is proper in this District because: a) parts of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.    Plaintiff, Alberta Javosky ("Javosky"), is a citizen of the State of Ohio, from whom Defendants attempted to collect a delinquent consumer debt owed for a Washington Mutual credit card, which was then allegedly owed to a bad debt buyer,

LVNV Funding, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, Nelson, Watson & Associates, LLC ("Nelson"), is a Massachusetts limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant Nelson was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant, Resurgent Capital Services, L.P. ("Resurgent"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant Resurgent was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7. Defendants LVNV, Nelson and Resurgent are all licensed to conduct business in the State of Illinois and maintain registered agents within the State of

Illinois. See, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Defendants LVNV, Nelson and Resurgent all conduct business in Illinois.

8. Defendants LVNV, Nelson and Resurgent are all licensed as debt collection agencies in the State of Illinois. See, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, Defendants LVNV, Nelson and Resurgent all act as collection agencies in Illinois.

9. Defendants LVNV and Resurgent are sister corporations. Defendant LVNV is a bad debt buyer, and Defendant Resurgent manages collections of the portfolios of debts that LVNV buys.

**FACTUAL ALLEGATIONS**

10. Ms. Javosky is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed originally to Washington Mutual. At some point in time, Defendant LVNV bought Ms. Javosky's Washington Mutual debt after she defaulted on it, and when Defendants began trying to collect the Washington Mutual debt from her, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

11. Specifically, Defendant LVNV hired another debt collector, Richard J. Boudreau & Associates, LLC ("Boudreau"), to demand payment of the Washington Mutual debt from Ms. Javosky. Accordingly, on September 3, 2009, one of Ms. Javosky's attorneys at LASPD informed Defendant LVNV, through its agent, Boudreau, that Ms. Javosky was represented by counsel, and directed LVNV to cease contacting her, and to cease all further collection activities because Ms. Javosky was forced, by

her financial circumstances, to refuse to pay her unsecured debt. A copy of this letter is attached as Exhibit C.

12. Undeterred, Defendant LVNV then had Defendant Nelson send Ms. Javosky a collection letter, dated September 9, 2010, which demanded payment of the Washington Mutual debt. A copy of this collection letter is attached as Exhibit D.

13. Accordingly, on September 23, 2010, Ms. Javosky's LASPD attorney again sent Defendants a letter, directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit E.

14. Nonetheless, Defendants LVNV and Resurgent sent a collection letter, dated September 28, 2010, directly to Ms. Javosky, which demanded payment of the Washington Mutual debt. A copy of this letter is attached as Exhibit F.

15. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

16. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

17. Plaintiff adopts and realleges ¶¶ 1-16.

18. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

4

19. Here, the letters from Ms. Javosky's agent, LASPD, told Defendants to cease communications and to cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

20. Defendants' violations of § 1692c(c) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

21. Plaintiff adopts and realleges ¶¶ 1-16.

22. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

23. Defendants knew, or readily could have known, that Ms. Javosky was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing, that Ms. Javosky was represented by counsel, and had directed a cessation of communications with Ms. Javosky. By sending collection letters to Ms. Javosky, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

24. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Alberta Javosky, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Javosky, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Alberta Javosky, demands trial by jury.

Alberta Javosky,

By: /s/ David J. Philipps\_\_\_
One of Plaintiff's Attorneys

Dated: December 22, 2010

David J. Philipps (Ill. Bar No. 06196285)
Mary E. Philipps (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com